## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JAIME LATTIN, as NEXT OF KIN and
NEXT FRIEND of DECEASED MINOR
CASEY MARQUEZ,

      **Plaintiff,**

v.                                                                **1:20-cv-01037-JHR-LF**

BOARD OF EDUCATION OF THE
AZTEC MUNICIPAL SCHOOL DISTRICT,
And KIRK CARPENTER, SUPERINTENDENT
of AZTEC MUNICIPAL SCHOOL DISTRICT

      **Defendants.**

### SCHOOL DEFENDANTS' ANSWER TO PLAINTIFF'S
### FIRST AMENDED COMPLAINT

      COME NOW, School Defendants Board of Education of the Aztec Municipal School District ("AMSD"), and Kirk Carpenter ("Carpenter"), Superintendent of the Aztec Municipal School District (collectively "School Defendants") by and through their counsel of record, German • Burnette & Associates, LLC, (Kari Cole and Jason M. Burnette), for their Answer to Plaintiff's First Amended Complaint ("FAC") state as follows:

### I.       JURISDICTION AND PARTIES

**A.       JURISDICTION OVER SUBJECT MATTER IN COUNT I**

      1.      The allegations as stated in Paragraph 1 of Plaintiff's FAC constitute legal conclusions, which do not require a response. To the extent a response is required, School Defendants admit the allegations as stated in Paragraph 1 of Plaintiff's FAC.

2.     The allegations as stated in Paragraph 2 of Plaintiff's FAC constitute legal conclusions, which do not require a response. To the extent a response is required, School Defendants deny the allegations as stated in Paragraph 2 of Plaintiff's FAC.

3.     School Defendants admit the allegations as stated in Paragraph 3 of Plaintiff's FAC.

4.     School Defendants admit the allegations as stated in Paragraph 4 of Plaintiff's FAC.

5.     The allegations as stated in Paragraph 5 of Plaintiff's FAC, and all of its subparts, constitute legal conclusions, which do not require a response. To the extent a response is required, School Defendants deny the allegations as stated in Paragraph 5 of Plaintiff's FAC.

6.     School Defendants admit the allegations as stated in Paragraph 6 of Plaintiff's FAC.

7.     School Defendants admit that the AMSD Superintendent has the authority to "carry out the educational policies and rules of the state board [department] and the school board"; to "administer and supervise the school district"; and to "employ, fix the salaries of, assign, terminate or discharge all employees of the district". (*See* NMSA 1978, §22-5-14(B) 1-3). School Defendants deny the remaining allegations as stated in Paragraph 7 of Plaintiff's FAC.

**B.     JURISDICTION OVER THE SUBJECT MATTER IN COUNT II**

8.     The allegations as stated in Paragraph 8 of Plaintiff's FAC constitute legal conclusions, which do not require a response. To the extent a response is required, School Defendants deny the allegations as stated in Paragraph 8 of Plaintiff's FAC.

9.     The allegations as stated in Paragraph 9 of Plaintiff's FAC constitute legal conclusions, which do not require a response. To the extent a response is required, School Defendants deny the allegations as stated in Paragraph 9 of Plaintiff's FAC.

10.     The allegations as stated in Paragraph 10 of Plaintiff's FAC constitute legal conclusions, which do not require a response. To the extent a response is required, School Defendants deny the allegations as stated in Paragraph 10

11.     The allegations as stated in Paragraph 11 of Plaintiff's FAC constitute legal conclusions, which do not require a response. To the extent a response is required, School Defendants deny the allegations as stated in Paragraph 11 of Plaintiff's FAC.

12.     School Defendants admit the allegations as stated in Paragraph 12 of Plaintiff's FAC.

13.     The allegations as stated in Paragraph 13 of Plaintiff's FAC, and all of its subparts, constitute legal conclusions, which do not require a response. To the extent a response is required, School Defendants deny the allegations as stated in Paragraph 13 of Plaintiff's FAC, and all of its subparts.

14.     School Defendants deny the allegations as stated in Paragraph 14 of Plaintiff's FAC.

C.      **PERSONAL JURISDICTION OVER THE PARTIES**

15.     School Defendants admit the allegations as stated in Paragraph 15 of Plaintiff's FAC.

16.     School Defendants admit the allegations as stated in Paragraph 16 of Plaintiff's FAC.

17.     The allegations as stated in Paragraph 17 of Plaintiff's FAC constitute legal conclusions, which do not require a response. To the extent a response is required, School Defendants deny the allegations as stated in Paragraph 17 of Plaintiff's FAC.

18.     The allegations as stated in Paragraph 18 of Plaintiff's FAC, and its subparts, constitute legal conclusions, which do not require a response. To the extent a response is required, School Defendants deny the allegations as stated in Paragraph 18 of Plaintiff's FAC, and its subparts.

19.     The allegations as stated in Paragraph 19 of Plaintiff's FAC constitute legal conclusions, which do not require a response. To the extent a response is require, School Defend1ants deny the allegations as stated in Paragraph 19 of Plaintiff's FAC.

20.     The allegations as stated in Paragraph 20 of Plaintiff's FAC constitute legal conclusions, which do not require a response. To the extent a response is required, School Defendants deny the allegations as stated in Paragraph 20 of Plaintiff's FAC.

21.     School Defendants admit the allegations as stated in Paragraph 21 of Plaintiff's FAC.

22.     School Defendants deny the allegations as stated in Paragraph 22 of Plaintiff's FAC.

**D.     SURVIVORSHIP OF CLAIMS**

23.     The allegations as stated in Paragraph 23 of Plaintiff's FAC constitute legal conclusions, which do not require a response. To the extent a response is required, School Defendants deny the allegations as stated in Paragraph 23 of Plaintiff's FAC.

24.     The allegations as stated in Paragraph 24 of Plaintiff's FAC constitute legal conclusions, which do not require a response. To the extent a response is required, School Defendants deny the allegations as stated in Paragraph 24 of Plaintiff's FAC.

**E.     COMPLIANCE WITH ANY APPLICABLE NOTICE AND FILING DEADLINES**

25.     School Defendants admit the allegations as stated in Paragraph 25 of Plaintiff's FAC.

26.     School Defendants admit that Casey Marquez was seventeen (17) years old at the time of her death. The remaining allegations as stated in Paragraph 26 of Plaintiff's FAC constitute legal conclusions, which do not require a response. To the extent a response is require, School Defendants deny the remaining allegations as stated in Paragraph 26 of Plaintiff's FAC.

27.     Regarding the allegations as stated in Paragraph 27 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

28.     Regarding the allegations as stated in Paragraph 28 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

29.     Regarding the allegations as stated in Paragraph 29 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

30.     School Defendants admit that Plaintiff brought Casey Marquez's cell phone to the Aztec High School ("AHS") Administration. School Defendants deny the remaining allegations as stated in Paragraph 30 of Plaintiff's FAC.

31.     The allegations as stated in Paragraph 31 of Plaintiff's FAC constitute legal conclusions, which do not require a response. To the extent a response is required, School Defendants deny the allegations as stated in Paragraph 31 of Plaintiff's FAC.

32.     School Defendants admit that former AMSD Deputy Superintendent Tania Prokop filed a Licensure Complaint against Mr. James Coulter ("Coulter") with the New Mexico Public Education Department ("PED") on May 15, 2018. School Defendants deny the remaining allegations as stated in Paragraph 32 of Plaintiff's FAC.

33.     Regarding the allegations as stated in Paragraph 33 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

34.     The allegations as stated in Paragraph 34 of Plaintiff's FAC constitute legal conclusions, which do not require a response. To the extent a response is required, School Defendants deny the allegations as stated in Paragraph 34 of Plaintiff's FAC.

35.     Regarding the allegations as stated in Paragraph 35 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

36.     The allegations as stated in Paragraph 36 of Plaintiff's FAC constitute legal conclusions, which do not require a response. To the extent a response is required, School Defendants deny the allegations as stated in Paragraph 36 of Plaintiff's FAC.

37.     The allegations as stated in Paragraph 37 of Plaintiff's FAC constitute legal conclusions, which do not require a response. To the extent a response is required, School Defendants deny the allegations as stated in Paragraph 37 of Plaintiff's FAC.

38.     The allegations as stated in Paragraph 38 of Plaintiff's FAC constitute legal conclusions, which do not require a response. To the extent a response is required, School Defendants deny the allegations as stated in Paragraph 38 of Plaintiff's FAC.

F.     VENUE

39.     The allegations as stated in Paragraph 39 of Plaintiff's FAC, constitute legal conclusions, which do not require a response. To the extent a response is required, School Defendants deny the allegations as stated in Paragraph 39 of Plaintiff's FAC.

## II.     GENERAL FACTUAL ALLEGATIONS

A.     **How Coulter's Predation of Casey Came to Light and How the District Responded to It.[1]**

---

[1] School Defendants specifically deny the characterization and headings utilized by Plaintiff throughout her FAC.

40.     School Defendants admit that Coulter was hired as a Math teacher at AHS from August 2, 2013 until his resignation on May 2, 2018. School Defendants admit that Coulter taught one Ethics class each semester beginning in the AHS 2017-18 School Year.  School Defendants deny the remaining allegations as stated in Paragraph 40 of Plaintiff's FAC.

41.     School Defendants admit that Coulter was a Coach for the Junior Varsity Girls Basketball team during the 2016-2017 and 2017-2018 school years, and that Coulter was an Assistant Coach  for the Varsity Boys Soccer team during the 2017-2018 school year.  School Defendants deny the remaining allegations as stated in Paragraph 41 of Plaintiff's FAC.

42.     School Defendants deny that allegations as stated in Paragraph 42 of Plaintiff's FAC. School Defendants affirmatively state they had no knowledge of the arrangement between Coach Johnson and Coulter, nor did School Defendants approve such a "volunteer athletic training" position at AHS for Coulter.

43.     Regarding the allegations as stated in Paragraph 43 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

44.     School Defendants deny the allegations as stated in Paragraph 44 of Plaintiff's FAC. School Defendants affirmatively state that Coach Johnson advised AHS Athletic Director Sanders that her cheer team would be attending the "true fit" workout "class" at AHS that Coulter was already teaching after school hours as part of her cheer teams' training activities.

45.     School Defendants deny the allegations as stated in Paragraph 45 of Plaintiff's FAC.

46.     School Defendants deny the allegations as stated in Paragraph 46 of Plaintiff's FAC.

7

47.     School Defendants admit that Casey Marquez was a member of the AHS girl's cheer team. School Defendants deny the remaining allegations as stated in Paragraph 47 of Plaintiff's FAC. School Defendants affirmatively state that a volunteer position at AHS for athletic training was never approved.

48.     Regarding the allegations as stated in Paragraph 48 Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

49.     Regarding the allegations as stated in Paragraph 49 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

50.     Regarding the allegations as stated in Paragraph 50 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

51.     School Defendants admit that AHS Athletic & Activities Director Bryan Sanders received Casey Marquez's cell phone from Plaintiff and, while Plaintiff was present, reviewed only the text messages Plaintiff identified Coulter had sent Casey. School Defendants deny the remaining allegations as stated in Paragraph 51 of Plaintiff's FAC.

52.     School Defendants admit that Principal Hall advised AMSD Superintendent Kirk Carpenter of the text messages involving Coulter and Casey Marquez, and that he [AMSD Superintendent Carpenter] placed Coulter on administrative leave on April 27, 2018 pending an investigation. School Defendants deny the remaining allegations as stated in Paragraph 52 of Plaintiff's FAC.

53.     School Defendants admit that on May 1, 2018 Coulter received a Notice of Pre-determination Meeting and Contemplation of Discipline from AHS Principal Warman Hall regarding his actions "involving inappropriate conduct and texting communications with a student". School Defendants deny the remaining allegations as stated in Paragraph 53 of Plaintiff's FAC.

    a.  School Defendants admit that one of the charges listed against Coulter in the May 1, 2018 Notice included "[i]nsubordination: regarding letter of direction dated January 26, 2016". School Defendants deny the remaining allegations as stated in subparagraph 53(a) of Plaintiff's FAC.

    b.  School Defendants admit that the third charge listed against Coulter in the May 1, 2018 Notice included a violation of AMSD's Staff Conduct Policy prohibiting employees from using their positions on licensed school employees to exploit or unduly influence a student into engaging in an illegal act, immoral, act or any other behavior that would subject a licensed school employee or student to discipline for misconduct whether or not the student actually engages in the behavior. School Defendants deny the remaining allegations as stated in subparagraph 53(b) of Plaintiff's FAC.

    c.  School Defendants admit the allegations as stated in subparagraph 53(c) are listed in the May 1, 2018 Notice as the fourth charge against Coulter. School Defendants deny the remaining allegations as stated in subparagraph 53(c) of Plaintiff's FAC.

    d.  School Defendants admit the allegations as stated in subparagraph 53(d) are included in the fifth charge listed against Coulter in the May 1, 2018 Notice but note that the language stated is only part of the fifth charge listed against Coulter in the Notice.

School Defendants deny the remaining allegations as stated in subparagraph 53(d) of Plaintiff's FAC.

e.  School Defendants admit that the second and sixth charge listed against Coulter in the May 1, 2018 Notice included violations of AMSD Policy(s) G-0650, and G-850-GBEBB but note that the language as stated is only part of the second and sixth charges listed against Coulter in the Notice. School Defendants deny the remaining allegations as stated in subparagraph 53(e).

54.    School Defendants admit that AHS Principal Warman Hall recommended to AMSD Superintendent Carpenter and former AMSD Deputy Superintendent Prokop that Coulter should be discharged from his teaching position at AHS at the conclusion of his investigation. School Defendants deny the remaining allegations as stated in Paragraph 54 of Plaintiff's FAC.

55.    School Defendants admit that in AHS Principal Warman Hall's recommendation for discharge of Coulter he stated that Coulter confirmed that he "engage[d] in texting with a female student where they discussed the possibility of a romantic relationship after she would graduate this coming May" and that Coulter made "several references in that communication related to his anticipation of a physical relationship with the same student after her graduation from high school". School Defendants deny the remaining allegations as stated in Paragraph 55 of Plaintiff's FAC.

56.    School Defendants deny the allegations as stated in Paragraph 56 of Plaintiff's FAC.

57.    School Defendants admit that Coulter signed a Settlement Agreement and Release ("SAR") on May 4, 2018, wherein he released any and all claims related to his employment with AMSD, that AMSD Superintendent Carpenter, as the authorized Representative, signed the SAR

on May 14, 2018, and that the SAR included a reference to Coulter's resignation in lieu of discharge. School Defendants deny the remaining allegations as stated in Paragraph 57 of Plaintiff's FAC.

58.     School Defendants admit that on May 10, 2018, after Coulter was no longer an employee of AMSD, a female student[2] reported to AHS Principal Warman Hall and AHS Assistant Principal Brenda McNeal her concerns about her grade in Coulter's Ethics class since Coulter was no longer a teacher at AHS. School Defendants deny the remaining allegations as stated in Paragraph 58 of Plaintiff's FAC.

59.     School Defendants admit that on May 15, 2018 former AMSD Deputy Superintendent Tania Prokop submitted a Licensure Complaint Form and supporting documentation to the PED regarding multiple violations by Coulter. School Defendants deny the remaining allegations as stated in Paragraph 59 of Plaintiff's FAC.

60.     School Defendants deny the allegations as stated in Paragraph 60 of Plaintiff's FAC.

61.     School Defendants admit that former AMSD Deputy Superintendent Tania Prokop received a phone call from a principal in another New Mexico School District regarding Coulter. School Defendants deny the remaining allegations as stated in Paragraph 61 of Plaintiff's FAC.

62.     School Defendants deny the allegations as stated in Paragraph 62 of Plaintiff's FAC. School Defendants affirmatively state that former AMSD Deputy Superintendent Tania Prokop specifically advised that principal from another New Mexico School District that Coulter

---

[2] School Defendants cannot respond more specifically to the allegations contained in Paragraph 58 of Plaintiff's FAC as the information is protected by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34 CFR Part 99 ("FERPA").

resigned in lieu of termination because he had engaged in an inappropriate relationship with a student.

63.     Regarding the allegations as stated in Paragraph 63 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

64.     Regarding the allegations as stated in Paragraph 64 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

65.     School Defendants admit that former AMSD Deputy Superintendent Tania Prokop provided documents supporting the various violations as stated in the May 15, 2018 Licensure Complaint Form against Coulter when she submitted it PED, which included the May 3, 2018 letter from AHS Principal Hall recommending Coulter's discharge, the May 1, 2018 Notice of Pre-determination Meeting and Contemplation of Discipline and the January 15, 2016 Notice of Pre-determination Meeting and Intent to Impose Discipline. School Defendants deny the remaining allegations as stated in Paragraph 65 of Plaintiff's FAC.

66.     Regarding the allegations as stated in Paragraph 66 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

**B.    What the District Knew about Allegations That Coulter Had Engaged in Inappropriate Conduct with Female Students Prior to 2017 and How the District Responded to Those Allegations.[3]**

---

[3] *See* FN 1.

67.     Regarding the allegations as stated in Paragraph 67 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

68.     Regarding the allegations as stated in Paragraph 68 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

69.     School Defendants deny the allegations as stated in Paragraph 69 of Plaintiff's FAC.

70.     Regarding the allegations as stated in Paragraph 70 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

71.     The allegations as stated in Paragraph 71 of Plaintiff's FAC constitute legal conclusions, which do not require a response. To the extent a response is required, School Defendants deny the allegations as stated in Paragraph 71 of Plaintiff's FAC.

72.     Regarding the allegations as stated in Paragraph 72 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same. School Defendants affirmatively state that AHS Principal Hall's 2016 Investigation into the report of Coulter's inappropriate relationship with a student[4] was not substantiated and the student[5] denied the allegation so he did not report anything to local law enforcement or the PED.

73.     School Defendants admit that AHS Principal Hall reported to former AMSD Deputy Superintendent Tania Prokop the results of his 2016 Investigation into the allegations of

---

[4] School Defendants cannot respond more specifically to the allegations contained in Paragraph 72 of Plaintiff's FAC as the information is protected by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34 CFR Part 99 ("FERPA").
[5] *See* FN 4.

an inappropriate relationship between Coulter and this student[6]. School Defendants deny the remaining allegations as stated in Paragraph 73 of Plaintiff's FAC.

74.     School Defendants admit that AHS Principal Hall's 2016 investigation into the allegations of an inappropriate relationship between Coulter and a student[7] was not substantiated and the student[8] denied the allegation, so neither AMSD Superintendent Kirk Carpenter nor former AMSD Deputy Superintendent Tania Prokop had anything to report to local law enforcement or PED. School Defendants deny the remaining allegations as stated in Paragraph 74 of Plaintiff's FAC.

75.     Regarding the allegations as stated in Paragraph 75 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

76.     Regarding the allegations as stated in Paragraph 76 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

77.     School Defendants admit that written documents from the students who reported the alleged inappropriate relationship between Coulter and a student[9] in 2016 were provided to State Police pursuant to a search warrant. School Defendants deny the remaining allegations as stated in Paragraph 77 of Plaintiff's FAC.

---

[6] School Defendants cannot respond more specifically to the allegations contained in Paragraph 73 of Plaintiff's FAC as the information is protected by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34 CFR Part 99 ("FERPA").
[7] School Defendants cannot respond more specifically to the allegations contained in Paragraph 74 of Plaintiff's FAC as the information is protected by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34 CFR Part 99 ("FERPA").
[8] See FN 7.
[9] School Defendants cannot respond more specifically to the allegations contained in Paragraph 77 of Plaintiff's FAC as the information is protected by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34 CFR Part 99 ("FERPA").

78.     School Defendants deny the allegations as stated in Paragraph 78 of Plaintiff's FAC.

79.     School Defendants deny the allegations as stated in Paragraph 79 of Plaintiff's FAC.

80.   School Defendants admit that in AHS Principal Hall's 2016 investigation, he learned that Coulter had some conversations with students about his personal, which was cited in Principal Hall's January 25, 2016 letter to Coulter. School Defendants deny the remaining allegations as stated in Paragraph 80 of Plaintiff's FAC.

81.     School Defendants admit that one student's 2016 statement reporting an inappropriate relationship between a student and Coulter referenced the student's[10] ex-boyfriend messaging Coulter and threatening to report him to the authorities. School Defendants deny the remaining allegations as stated in Paragraph 81 of Plaintiff's FAC.

82.     School Defendants deny the allegations as stated in Paragraph 82 of Plaintiff's FAC.

83.     School Defendants admit the allegations as stated in Paragraph 83 of Plaintiff's FAC.

84.     School Defendants admit that one student's 2016 statement referenced that the student[11] told her [the student writing the statement] that Coulter told the ex-boyfriend that the student[12] would kill herself if [the ex-boyfriend] told the authorities. School Defendants deny the remaining allegations as stated in Paragraph 84 of Plaintiff's FAC.

---

[10] School Defendants cannot respond more specifically to the allegations contained in Paragraph 81 of Plaintiff's FAC as the information is protected by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34 CFR Part 99 ("FERPA").
[11] School Defendants cannot respond more specifically to the allegations contained in Paragraph 84 of Plaintiff's FAC as the information is protected by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34 CFR Part 99 ("FERPA").
[12] *See* FN 9.

85.     School Defendants cannot respond more specifically to the allegations contained in Paragraph 85 of Plaintiff's FAC as the information is protected by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34 CFR Part 99 ("FERPA"), and therefore deny same.

86.     School Defendants admit that as part of his 2016 investigation AHS Principal Hall, Coulter showed him a text message from an unknown individual discussing a medical condition and/or treatment of a student[13] and stating that he [Coulter] would "be hearing from the authorities". School Defendants deny the remaining allegations as stated in Paragraph 86 of Plaintiff's FAC.

87.     School Defendants admit the allegations as stated in Paragraph 87 of Plaintiff's FAC.

88.     School Defendants deny the allegations as stated in Paragraph 88 of Plaintiff's FAC. School Defendants affirmatively state that as part AHS Principal Hall's 2016 Investigation into the report of Coulter's inappropriate relationship with a student[14] he did contact the students'[15] ex-boyfriend.

89.     Regarding the allegations as stated in Paragraph 89 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

90.     School Defendants deny the allegations as stated in Paragraph 90 of Plaintiff's FAC.

---

[13] School Defendants cannot respond more specifically to the allegations contained in Paragraph 86 of Plaintiff's FAC as the information is protected by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34 CFR Part 99 ("FERPA").

[14] School Defendants cannot respond more specifically to the allegations contained in Paragraph 96 of Plaintiff's FAC as the information is protected by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34 CFR Part 99 ("FERPA").

[15] *See* FN 14.

91.     School Defendants deny the allegations as stated in Paragraph 91 of Plaintiff's FAC.

92.     School Defendants admit the allegations as stated in Paragraph 92 of Plaintiff's FAC.

93.     School Defendants deny the allegations as stated in Paragraph 93 of Plaintiff's FAC.

94.     School Defendants deny the allegations as stated in Paragraph 94 of Plaintiff's FAC.

95.     School Defendants admit that School Resource Officers ("SROs") are licensed law enforcement officers supervised by their local Police Chief and assigned to school districts to perform a number of duties as outlined and defined in the Memorandum of Understanding ("MOU") executed between the local municipality on behalf of the local police department and the local school district.

96.     School Defendants deny the allegations as stated in Paragraph 96 of Plaintiff's FAC. School Defendants affirmatively state that AHS Principal Hall's 2016 Investigation into the report of Coulter's inappropriate relationship with a student[16] was not substantiated and the student[17] denied the allegation, so he did not report anything to local law enforcement or the PED.

97.     School Defendants admit that, as part of his investigation, AHS Principal Warman Hall interviewed both the student[18] and  Coulter. School Defendants deny the remaining allegations as stated in Paragraph 97 of Plaintiff's FAC.

---

[16] School Defendants cannot respond more specifically to the allegations contained in Paragraph 96 of Plaintiff's FAC as the information is protected by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34 CFR Part 99 ("FERPA").
[17] *See* FN 15.
[18] School Defendants cannot respond more specifically to the allegations contained in Paragraph 96 of Plaintiff's FAC as the information is protected by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34 CFR Part 99 ("FERPA").

98.     School Defendants deny the allegations as stated in Paragraph 98 of Plaintiff's FAC. School Defendants affirmatively state that AHS Principal Hall's 2016 Investigation into the report of Coulter's inappropriate relationship with a student[19] was not substantiated and the student[20] denied the allegation, so neither AMSD Superintendent Carpenter nor former AMSD Deputy Superintendent did not report to the SRO, local law enforcement or the PED.

99.     School Defendants admit that one student's 2016 statement referenced that the student[21] "told her [the student writing the statement] that [the student[22]] was going to tell Coulter that [Principal] Hall knew". School Defendants deny the remaining allegations as stated in Paragraph 99 of Plaintiff's FAC.

100.     School Defendants admit that, as part of his investigation, AHS Principal Warman Hall interviewed the student[23] allegedly involved in a relationship with Coulter and she wrote a statement stating that she "made up a story to my friends insinuating I had relations with Counter, and insinuated the pregnancy may have been caused by him"; that "these accusations are not true"; that she "cannot articulate why [she] would make such derogatory statements…and that they were false"; and that she told her ex-boyfriend that "the child may not have been his, but it was. Anything otherwise was a lie". School Defendants deny the remaining allegations as stated in Paragraph 100 of Plaintiff's FAC, and all its subparts.

---

[19] School Defendants cannot respond more specifically to the allegations contained in Paragraph 96 of Plaintiff's FAC as the information is protected by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34 CFR Part 99 ("FERPA").

[20] *See* FN 18.

[21] School Defendants cannot respond more specifically to the allegations contained in Paragraph 99 of Plaintiff's FAC as the information is protected by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34 CFR Part 99 ("FERPA").

[22] *See* FN 21.

[23] School Defendants cannot respond more specifically to the allegations contained in Paragraph 100 of Plaintiff's FAC, and its subparts, as the information is protected by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34 CFR Part 99 ("FERPA").

101.    School Defendants admit the allegations as stated in Paragraph 101 of Plaintiff's FAC.

102.    School Defendants deny the allegations as stated in Paragraph 102 of Plaintiff's FAC.

103.    School Defendants deny the allegations as stated in Paragraph 103 of Plaintiff's FAC.

104.    School Defendants deny the allegations as stated in Paragraph 104 of Plaintiff's FAC.

105.    School Defendants admit that the January 25, 2016 AHS Principal Hall Letter to Coulter includes a reference to "more than one student who was questioned indicated that [Coulter] had spoken to them about either who [he] should date or ask their opinion on teachers dating recent graduates", advises Coulter that such discussions with students are inappropriate, and directs him not to discuss his personal life with students. School Defendants deny the remaining allegations as stated in Paragraph 105 of Plaintiff's FAC.

106.    School Defendants admit that during AHS Principal Hall's 2016 investigation Coulter denied having conversations with students about his dating life. School Defendants deny the remaining allegations as stated in Paragraph 106 of Plaintiff's FAC.

107.    School Defendants admit that Principal Hall's January 25, 2016 letter to Coulter advised that "discussing matters such as whom [Coulter] should date or soliciting students' options on if it would be problematic to date recent graduates is inappropriate behavior for a teacher". School Defendants deny the remaining allegations as stated in Paragraph 107 of Plaintiff's FAC.

108.    School Defendants deny the allegations as stated in Paragraph 108 of Plaintiff's FAC.

109.     School Defendants admit the allegations as stated in Paragraph 109 of Plaintiff's FAC, and its subparts.

110.     School Defendants deny the allegations as stated in Paragraph 110 of Plaintiff's FAC.

111.     School Defendants deny the allegations as stated in Paragraph 111 of Plaintiff's FAC.

112.     School Defendants deny the allegations as stated in Paragraph 112 of Plaintiff's FAC.

113.     School Defendants deny the allegations as stated in Paragraph 113 of Plaintiff's FAC.

114.     School Defendants cannot respond specifically to the allegations contained in Paragraph 114 of Plaintiff's FAC as the information is protected by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34 CFR Part 99 ("FERPA"), and therefore deny same. School Defendants request that the student name identified in this allegation be stricken from the record because the student was a minor at the time, is not a party to this litigation and Plaintiff has used the students' name in her pleading without permission and in violation of FERPA.

115.     School Defendants deny the allegations as stated in Paragraph 115 of Plaintiff's FAC.

116.     School Defendants deny the allegations as stated in Paragraph 116 of Plaintiff's FAC.

117.     School Defendants deny the allegations as stated in Paragraph 117 of Plaintiff's FAC.

118.     School Defendants cannot respond specifically to the allegations contained in Paragraph 118 of Plaintiff's FAC as the information is protected by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34 CFR Part 99 ("FERPA"), and therefore deny same. School Defendants request that the student name identified in this allegation be stricken from the record because the student was a minor at the time, is not a party to this litigation and Plaintiff has used the students' name in her pleading without permission and in violation of FERPA.

119.     School Defendants cannot respond specifically to the allegations contained in Paragraph 119 of Plaintiff's FAC as the information is protected by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34 CFR Part 99 ("FERPA"), and therefore deny same. School Defendants request that the student name identified in this allegation be stricken from the record because the student was a minor at the time, is not a party to this litigation and Plaintiff has used the students' name in her pleading without permission and in violation of FERPA.

120.     School Defendants cannot respond specifically to the allegations contained in Paragraph 120 of Plaintiff's FAC as the information is protected by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34 CFR Part 99 ("FERPA"), and therefore deny same. School Defendants request that the student name identified in this allegation be stricken from the record because the student was a minor at the time, is not a party to this litigation and Plaintiff has used the students' name in her pleading without permission and in violation of FERPA.

121.     School Defendants cannot respond specifically to the allegations contained in Paragraph 121 of Plaintiff's FAC as the information is protected by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34 CFR Part 99 ("FERPA"), and therefore deny same. School Defendants request that the student name identified in this allegation be stricken from the record

because the student was a minor at the time, is not a party to this litigation and Plaintiff has used the students' name in her pleading without permission and in violation of FERPA.

122.     School Defendants deny the allegations as stated in Paragraph 122 of Plaintiff's FAC.

123.     School Defendants deny the allegations as stated in Paragraph 123 of Plaintiff's FAC.

124.     School Defendants deny the allegations as stated in Paragraph 124 of Plaintiff's FAC.

125.     Regarding the allegations as stated in Paragraph 125 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

126.     Regarding the allegations as stated in Paragraph 126 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

127.     School Defendants deny the allegations as stated in Paragraph 127 of Plaintiff's FAC.

128.     School Defendants admit that both AHS Principal Hall and AHS Athletic Director Sanders were supervised by former AMSD Deputy Superintendent Prokop during the 2016 investigation of an alleged inappropriate relationship between Coulter and a student[24]. School Defendants deny the remaining allegations as stated in Paragraph 128 of Plaintiff's FAC.

---

[24] School Defendants cannot respond more specifically to the allegations contained in Paragraph 128 of Plaintiff's FAC as the information is protected by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34 CFR Part 99 ("FERPA").

129.     School Defendants deny the allegations as stated in Paragraph 129 of Plaintiff's FAC.

130.     School Defendants admit the allegations as stated in Paragraph 130 of Plaintiff's FAC.

131.     School Defendants admit the allegations as stated in Paragraph 131 of Plaintiff's FAC.

132.     School Defendants admit the allegations as stated in Paragraph 132 of Plaintiff's FAC.

133.     School Defendants deny the allegations as stated in Paragraph 133 of Plaintiff's FAC. School Defendants affirmatively state that as part of her personnel training, former AMSD Deputy Superintendent Prokop advised staff that they should report child abuse to the administration so they could investigation such allegations, but that they also had a duty to report child abuse to local law enforcement and appropriate state agencies (*i.e.* PED, Children Youth & Families, Health & Human Services Departments).

134.     School Defendants deny the allegations as stated in Paragraph 134 of Plaintiff's FAC.

   **C.     The Type of Students Coulter Targeted for Sexual Abuse and the Methods He Used to Groom Students for Predation.[25]**

135.     Regarding the allegations as stated in Paragraph 135 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

---

[25] *See* FN 1.

136.     Regarding the allegations as stated in Paragraph 136 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

137.     Regarding the allegations as stated in Paragraph 137 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

138.     Regarding the allegations as stated in Paragraph 138 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

139.     Regarding the allegations as stated in Paragraph 139 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

140.     Regarding the allegations as stated in Paragraph 140 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

141.     Regarding the allegations as stated in Paragraph 141 of Plaintiff's FAC, and its subparts, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

142.     Regarding the allegations as stated in Paragraph 142 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

143.    Regarding the allegations as stated in Paragraph 143 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

144.    Regarding the allegations as stated in Paragraph 144 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

145.    Regarding the allegations as stated in Paragraph 145 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

146.    Regarding the allegations as stated in Paragraph 146 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

147.    Regarding the allegations as stated in Paragraph 147 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

148.    Regarding the allegations as stated in Paragraph 148 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

149.    Regarding the allegations as stated in Paragraph 149 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

150.    School Defendants admit that the student[26] reporting in 2018 that Coulter allowed her to enroll in his Ethics class without attending included a reference in her statement that she thought Coulter made this offer because he overheard her complaining about the need for another class for her to qualify for cheerleading but that she had a new job that conflicted with a full class schedule. School Defendants deny the remaining allegations as stated in Paragraph 150 of Plaintiff's FAC.

151.    Regarding the allegations as stated in Paragraph 151 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

152.    Regarding the allegations as stated in Paragraph 152 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

153.    Regarding the allegations as stated in Paragraph 153 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

154.    Regarding the allegations as stated in Paragraph 154 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

155.    Regarding the allegations as stated in Paragraph 155 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

---

[26] School Defendants cannot respond more specifically to the allegations contained in Paragraph 150 of Plaintiff's FAC as the information is protected by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34 CFR Part 99 ("FERPA").

156.     Regarding the allegations as stated in Paragraph 156 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

157.     Regarding the allegations as stated in Paragraph 157 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

158.     Regarding the allegations as stated in Paragraph 158 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

159.     Regarding the allegations as stated in Paragraph 159 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

160.     Regarding the allegations as stated in Paragraph 160 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

161.     Regarding the allegations as stated in Paragraph 161 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

162.     Regarding the allegations as stated in Paragraph 162 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

163.     Regarding the allegations as stated in Paragraph 163 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

164.     Regarding the allegations as stated in Paragraph 164 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

165.     Regarding the allegations as stated in Paragraph 165 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

166.     Regarding the allegations as stated in Paragraph 166 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

167.     Regarding the allegations as stated in Paragraph 167 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

168.     Regarding the allegations as stated in Paragraph 168 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

169.     School Defendants deny the allegations as stated in Paragraph 169 of Plaintiff's FAC and request that same be stricken from the record as they are legal argument by Plaintiff's counsel, which are not allegations put forth in Plaintiff's FAC that require a response, discovery or defense by the School Defendants.

170.    School Defendants deny the allegations as stated in Paragraph 170 of Plaintiff's FAC, and its subparts, and request that same be stricken from the record as they are legal argument by Plaintiff's counsel, which are not allegations put forth in Plaintiff's FAC that require a response, discovery or defense by the School Defendants.

**D.    How Coulter's Conduct Affected Casey and Impacted Her Education during Her Last Semester at AHS.[27]**

171.    Regarding the allegations as stated in Paragraph 171 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

172.    Regarding the allegations as stated in Paragraph 172 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

173.    Regarding the allegations as stated in Paragraph 173 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

174.    Regarding the allegations as stated in Paragraph 174 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

175.    Regarding the allegations as stated in Paragraph 175 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

---

[27] *See* FN 1.

176.     Regarding the allegations as stated in Paragraph 176 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

177.     Regarding the allegations as stated in Paragraph 177 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

178.     Regarding the allegations as stated in Paragraph 178 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

179.     Regarding the allegations as stated in Paragraph 179 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

180.     Regarding the allegations as stated in Paragraph 180 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

181.     Regarding the allegations as stated in Paragraph 181 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

182.     Regarding the allegations as stated in Paragraph 182 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

183.     Regarding the allegations as stated in Paragraph 183 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

184.     Regarding the allegations as stated in Paragraph 184 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

185.     Regarding the allegations as stated in Paragraph 185 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

186.     Regarding the allegations as stated in Paragraph 186 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

187.     School Defendants deny the allegations as stated in Paragraph 187 of Plaintiff's FAC and request that same be stricken from the record as they are legal argument by Plaintiff's counsel, which are not allegations put forth in Plaintiff's FAC that require a response, discovery or defense by the School Defendants.

188.     School Defendants deny the allegations as stated in Paragraph 188 of Plaintiff's FAC and request that same be stricken from the record as they are legal argument by Plaintiff's counsel, which are not allegations put forth in Plaintiff's FAC that require a response, discovery or defense by the School Defendants.

189.     School Defendants deny the allegations as stated in Paragraph 189 of Plaintiff's FAC and request that same be stricken from the record as they are legal argument by Plaintiff's

counsel, which are not allegations put forth in Plaintiff's FAC that require a response, discovery or defense by the School Defendants.

190.     School Defendants deny the allegations as stated in Paragraph 190 of Plaintiff's FAC and request that same be stricken from the record as they are legal argument by Plaintiff's counsel, which are not allegations put forth in Plaintiff's FAC that require a response, discovery or defense by the School Defendants.

> **E.     Educator Sexual Misconduct at AHS and How AHS and District Administrators Addressed the Risk to Students and Compliance with Title IX[28]**

191.     School Defendants deny the allegations contained in Paragraph 191 of Plaintiff's FAC.

192.     School Defendants admit that a former theater teacher at AHS was investigated in 2016 for an alleged inappropriate relationship with a male student. School Defendants deny the remaining allegations as stated in Plaintiff's FAC.

193.     School Defendants admit that criminal charges were filed against the former theater teacher and affirmatively state that those criminal charges were subsequently dismissed. School Defendants deny the remaining allegations as stated in Paragraph 193 of Plaintiff's FAC.

194.     School Defendants deny the allegations as stated in Paragraph 194 of Plaintiff's FAC.

195.     School Defendants deny the allegations as stated in Paragraph 195 of Plaintiff's FAC.

196.     The allegations as stated in Paragraph 196 of Plaintiff's FAC constitute legal conclusions, which do not require a response. To the extent a response is required, School Defendants deny the allegations as stated in Paragraph 196 of Plaintiff's FAC.

---

[28] *See* FN 1.

197.    The allegations as stated in Paragraph 197 of Plaintiff's FAC constitute legal conclusions, which do not require a response. To the extent a response is required, School Defendants deny the allegations as stated in Paragraph 197 of Plaintiff's FAC.

198.    The allegations as stated in Paragraph 198 of Plaintiff's FAC constitute legal conclusions, which do not require a response. To the extent a response is required, School Defendants deny the allegations as stated in Paragraph 198 of Plaintiff's FAC.

199.    The allegations as stated in Paragraph 199 of Plaintiff's FAC constitute legal conclusions, which do not require a response. To the extent a response is required, School Defendants deny the allegations as stated in Paragraph 199 of Plaintiff's FAC.

200.    The allegations as stated in Paragraph 200 of Plaintiff's FAC constitute legal conclusions, which do not require a response. To the extent a response is required, School Defendants deny the allegations as stated in Paragraph 200 of Plaintiff's FAC.

201.    School Defendants admit that an SRO was assigned to the Aztec Municipal School District. School Defendants deny the remaining allegations as stated in Paragraph 201 of Plaintiff's FAC.

202.    School Defendants deny the allegations as stated in Paragraph 202 of Plaintiff's FAC and request that same be stricken from the record as they are legal argument by Plaintiff's counsel, which are not allegations put forth in Plaintiff's FAC that require a response, discovery or defense by the School Defendants.

203.    School Defendants deny the allegations as stated in Paragraph 203 of Plaintiff's FAC and request that same be stricken from the record as they are legal argument by Plaintiff's counsel, which are not allegations put forth in Plaintiff's FAC that require a response, discovery or defense by the School Defendants.

204.    School Defendants deny the allegations as stated in Paragraph 204 of Plaintiff's FAC.

205.    School Defendants deny the allegations as stated in Paragraph 205 of Plaintiff's FAC.

206.    School Defendants deny the allegations as stated in Paragraph 206 of Plaintiff's FAC.

207.    School Defendants deny the allegations as stated in Paragraph 207 of Plaintiff's FAC.

208.    School Defendants deny the allegations as stated in Paragraph 208 of Plaintiff's FAC, and its subparts.

209.    School Defendants deny the allegations as stated in Paragraph 209 of Plaintiff's FAC.

210.    School Defendants deny the allegations as stated in Paragraph 210 of Plaintiff's FAC.

211.    School Defendants deny the allegations as stated in Paragraph 211 of Plaintiff's FAC, and its subparts.

### IV. CAUSES OF ACTION

### COUNT I – NEGLIGENT OPERATION AND MAINTENANCE
### OF A SCHOOL UNDER SECTION 41-4-6

212.    School Defendants incorporate by reference all preceding paragraphs 1-211 as if fully set forth herein.

213.    The allegations as stated in Paragraph 213 of Plaintiff's FAC constitute legal conclusions, which do not require a response. To the extent a response is required, School Defendants deny the allegations as stated in Paragraph 213 of Plaintiff's FAC.

34

214.    The allegations as stated in Paragraph 214 of Plaintiff's FAC constitute legal conclusions, which do not require a response. To the extent a response is required, School Defendants deny the allegations as stated in Paragraph 214 of Plaintiff's FAC.

215.    The allegations as stated in Paragraph 215 of Plaintiff's FAC, constitute legal conclusions, which do not require a response. To the extent a response is required, School Defendants deny the allegations as stated in Paragraph 215 of Plaintiff's FAC.

216.    The allegations as stated in Paragraph 216 of Plaintiff's FAC, constitute legal conclusions, which do not require a response. To the extent a response is required, School Defendants deny the allegations as stated in Paragraph 216 of Plaintiff's FAC.

217.    The allegations as stated in Paragraph 217 of Plaintiff's FAC, constitute legal conclusions, which do not require a response. To the extent a response is required, School Defendants deny the allegations as stated in Paragraph 217 of Plaintiff's FAC.

218.    School Defendants deny the allegations as stated in Paragraph 218 of Plaintiff's FAC.

219.    School Defendants deny the allegations as stated in Paragraph 219 of Plaintiff's FAC.

220.    Regarding the allegations as stated in Paragraph 220 of Plaintiff's FAC, School Defendants are without sufficient knowledge or information to admit or deny, and therefore deny same.

221.    School Defendants deny the allegations as stated in Paragraph 221 of Plaintiff's FAC.

222.    School Defendants deny the allegations as stated in Paragraph 222 of Plaintiff's FAC.

223.    The allegations as stated in Paragraph 223 of Plaintiff's FAC constitute legal conclusions, which do not require a response. To the extent a response is required, School Defendants deny the allegations as stated in Paragraph 223 of Plaintiff's FAC.

224.    The allegations as stated in Paragraph 224 of Plaintiff's FAC, and its subparts, constitute legal conclusions, which do not require a response. To the extent a response is required, School Defendants deny the allegations as stated in Paragraph 224 of Plaintiff's FAC, and its subparts.

225.    School Defendants deny the allegations as stated in Paragraph 225 of Plaintiff's FAC.

226.    School Defendants deny the allegations as stated in Paragraph 226 of Plaintiff's FAC.

227.    School Defendants deny the allegations as stated in Paragraph 227 of Plaintiff's FAC.

228.    School Defendants deny the allegations as stated in Paragraph 228 of Plaintiff's FAC.

229.    School Defendants deny the allegations as stated in Paragraph 229 of Plaintiff's FAC.

## COUNT II – DELIBERATE INDIFFERENCE BY AMSD TO SERIOUS ALLEGATIONS OF STAFF-ON-STUDENT SEXUAL HARASSMENT IN VIOLATION OF TITLE IX[29]

230.    School Defendants incorporate by reference all the preceding paragraphs 1-229 as fully set forth herein.

---

[29] *See* FN 1.

231.    The allegations as stated in Paragraph 231 of Plaintiff's FAC constitute legal conclusions to which no response is required. To the extent a response is required, School Defendants deny the allegations as stated in Paragraph 231 of Plaintiff's FAC.

232.    The allegations as stated in Paragraph 232 of Plaintiff's FAC constitute legal conclusions to which no response is required. To the extent a response is required, School Defendants deny the allegations as stated in Paragraph 232 of Plaintiff's FAC.

233.    School Defendants deny the allegations as stated in Paragraph 233 of Plaintiff's FAC.

234.    The allegations as stated in Paragraph 234 of Plaintiff's FAC constitute legal conclusions to which no response is required. To the extent a response is required, School Defendants deny the allegations as stated in Paragraph 234 of Plaintiff's FAC.

235.    School Defendants deny the allegations as stated in Paragraph 235 of Plaintiff's FAC.

236.    School Defendants deny the allegations as stated in Paragraph 236 of Plaintiff's FAC.

237.    School Defendants deny the allegations as stated in Paragraph 237 of Plaintiff's FAC.

238.    School Defendants deny the allegations as stated in Paragraph 238 of Plaintiff's FAC and request that same be stricken from the record as they are legal argument by Plaintiff's counsel, which are not allegations put forth in Plaintiff's FAC that require a response, discovery or defense by the School Defendants.

239.    School Defendants deny the allegations as stated in Paragraph 239 of Plaintiff's FAC.

240.    School Defendants deny the allegations as stated in Paragraph 240 of Plaintiff's FAC.

241.    School Defendants deny the allegations as stated in Paragraph 241 of Plaintiff's FAC.

242.    School Defendants deny the allegations as stated in Paragraph 242 of Plaintiff's FAC.

243.    School Defendants deny the allegations as stated in Paragraph 243 of Plaintiff's FAC.

244.    School Defendants deny the allegations as stated in Paragraph 244 of Plaintiff's FAC.

245.    School Defendants deny the allegations as stated in Paragraph 245 of Plaintiff's FAC.

246.    School Defendants deny the allegations as stated in Paragraph 246 of Plaintiff's FAC.

247.    School Defendants deny the allegations as stated in Paragraph 247 of Plaintiff's FAC.

248.    School Defendants deny the allegations as stated in Paragraph 248 of Plaintiff's FAC.

## PRAYER FOR RELIEF

The School Defendants deny that Plaintiff is entitled to any compensatory damages for personal injury, or any damages for pain and suffering or for emotional distress; and respectfully request this Court deny Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's FAC fails to state a claim upon which relief may be granted.

2.      To the extent that Plaintiff has failed to mitigate her damages, any award should be reduced accordingly.

3.      The injuries and damages alleged by Plaintiff are the proximate result of an independent intervening, supervening or superseding cause barring or reducing recovery.

4.      The actions or inactions of School Defendants are not the proximate cause of Plaintiff's alleged damages.

5.      School Defendants state that they breached no duties to Plaintiff and Plaintiff has suffered no damages, injury or otherwise, as a result of any alleged acts or omissions of School Defendants.

6.      Any injury or damage as alleged in Plaintiff's FAC are due to and caused solely by the actions and omissions of others and were not due to or caused by the negligence or act attributable to School Defendants.

7.      If School Defendants were negligent, which is specifically denied, the negligent acts and omissions of Co-School Defendants, or other third parties, whether named in this lawsuit or not, caused or contributed to any damage suffered by Plaintiff, thereby barring or reducing recovery herein.

8.      Some or all of Plaintiff's claims are barred by the immunity provisions of the New Mexico Tort Claims Act.

9.      Any injuries suffered by Plaintiff were not foreseeable.

10.     Any relevant evidence that has been destroyed by Plaintiff, or is no longer in Plaintiff's possession, permits School Defendants an affirmative defense of, and/or a jury instruction regarding, spoliation of evidence.

11.     School Defendants did not violate the provisions of Title IX.

12.     Plaintiff was not deprived of her educational opportunities by School Defendants.

13.     School Defendants did not have actual notice of prior inappropriate relationship(s) between Coulter and any student at AHS since the alleged student(s) and Coulter were not forthcoming with the facts during AHS's 2016 investigation surrounding the allegations involving an inappropriate relationship between a student[30] and Coulter.

14.     School Defendants were not deliberately indifferent to the safety of Plaintiff or other students at AHS as investigations were conducted when information was brought to the attention of AHS Administrators, but the allegations were not substantiated due to deceit by both student(s) and Coulter.

15.     School Defendants do not have actual notice of the allegations involving Casey Marquez and Coulter until approximately four months after Casey Marquez's tragic death.

16.     School Defendants were not aware of Coach Johnson asking Coulter to assist in cheer training as a volunteer and did not approve such a position.

17.     School Defendants had a process in place to investigate claims of student sexual harassment and assault and took all appropriate actions in investigating and taking actions on the same.

Respectfully submitted,

German • Burnette & Associates, LLC

*/s/ Kari Cole*
KARI COLE
JASON M. BURNETTE
*Attorneys for School Defendants (AMSD & Carpenter)*

---

[30] School Defendants cannot identify the student referenced in their Affirmative Defenses Paragraph 13 more specifically as the information is protected by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34 CFR Part 99 ("FERPA").

11728 Linn Ave. NE
Albuquerque, NM 87123
(505) 292-9676

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 15th day of October 2020, I filed the foregoing electronically through the CM/ECF system, which caused counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing and also sent electronically to opposing counsel.

*/s/ Kari Cole*
KARI COLE

**ROBLES, RAEL & ANAYA, P.C.**
Luis Robles
500 Marquette Ave., NW, Suite 700
Albuquerque, New Mexico 87102
Phone: 505-242-2228
Fax: 505-242-1106
luis@roblesrael.com
*Attorney for Plaintiff*