IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMIE LATTIN, as NEXT OF KIN and
NEXT FRIEND OF DECEASED MINOR
CASEY MARQUEZ,

    Plaintiff,

vs                                                                          1:20-cv-01037 DHU-LF

BOARD OF EDUCATION OF THE
AZTEC MUNICIPAL SCHOOL DISTRICT,
and KIRK CARPENTER, SUPERINTENDENT
OF AZTEC MUNICIPAL SCHOOL DISTRICT,

    Defendants.

**ORDER GRANTING MOTION TO COMPEL THE APPEARANCE AND TESTIMONY OF ISAIAH GALLEGOS AT DEPOSITION**

THIS MATTER comes before the Court on plaintiff's Motion to Compel the Appearance and Testimony of Isaiah Gallegos at Deposition, filed on December 21, 2021.  Doc. 57.  Defendants filed a response.  Doc. 62.  Plaintiff filed a reply.  Doc. 79.  On January 20, 2022, the Court ordered plaintiff to serve the motion, response, and reply on non-party Isaiah Gallegos, and to file proof of this service with the Court.  Doc. 81.  On February 1, 2022, plaintiff filed proof that the motion and related documents had been served on Mr. Gallegos.  Doc. 87.  On February 14, 2022, the Court ordered plaintiff to provide the Court with contact information for Mr. Gallegos.  Doc. 96.  Plaintiff provided this information on February 16, 2022.  Doc. 99.  On February 11, 2022, defendants filed a motion seeking permission to file a sur-reply.  Doc. 95.  Plaintiff filed a response.  Doc. 105.  Defendants filed a reply.  Doc. 109.  Mr. Gallegos did not respond to either of the motions.  Having reviewed the briefing and the relevant law, the Court

finds the motion to compel well-taken and will GRANT it in part.  The Court will DENY the motion for permission to file a sur-reply.

In her motion to compel, plaintiff asks the Court to order Mr. Isaiah Gallegos to appear and give testimony at a deposition.  Doc. 57.  Plaintiff explains that, on November 24, 2021, she personally served Mr. Gallegos with a Notice of Deposition and Subpoena to Testify at a Deposition in a Civil Action, which set his deposition at 1:00 p.m. on November 29, 2021, at the Courtyard Marriott hotel in Farmington, New Mexico.  Doc. 57 at 1–2; Doc. 57-2.  Mr. Gallegos accepted a witness fee at the time of service.  Doc. 57 at 2; Doc. 57-2 at 5.  Mr. Gallegos then failed to appear for the deposition, and did not respond to phone calls or texts from plaintiff's attorney.  Doc. 57 at 2.  Plaintiff now asks the Court to order Mr. Gallegos to appear for a deposition.

Subpoenas are governed by Federal Rule of Civil Procedure 45.  Rule 45(a) governs the form and contents of a subpoena.

> (a) In General.
> (1) *Form and Contents*.
> (A) *Requirements--In General*. Every subpoena must:
> (i) state the court from which it issued;
> (ii) state the title of the action and its civil-action number;
> (iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and
> (iv) set out the text of Rule 45(d) and (e).

FED. R. CIV. P. 45(a).  In addition, "[a] subpoena commanding attendance at a deposition must state the method for recording the testimony."  FED. R. CIV. P. 45(a)(1)(B).  The form subpoena served by plaintiff in this case states that the provisions of Rule 45(c), Rule 45 (d), Rule 45(e), and Rule 45 (g) were attached to the subpoena, but plaintiff has provided no proof that these rules were actually attached to the subpoena that was served on Mr. Gallegos.  *See* Doc. 57-2 at

4–5. In addition, the subpoena does not state the method for recording the deposition. *Compare* Doc. 57-2 (containing blank line for recording method) *with* Doc. 57-3 at 1 (indicating that deposition would to be done via Zoom and would be reported by a court reporter). Thus, based on the record before the Court, the subpoena did not fully comply with the requirements of Rule 45. These deficiencies must be remedied.

Rule 45(d)(3) governs quashing or modifying a subpoena:

(3) Quashing or Modifying a Subpoena.

> (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
> (i) fails to allow a reasonable time to comply;
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> (iv) subjects a person to undue burden.

FED. R. CIV. P. 45(d)(3).

In this case, the subpoena was directed to Mr. Gallegos, a nonparty. Mr. Gallegos did not move to quash or modify the subpoena. Defendants also did not move to quash or modify the subpoena, but now oppose plaintiff's motion to compel Mr. Gallegos to appear for a deposition. Defendants, however, lack standing to challenge the subpoena.

> Generally, "only the party or person to whom the subpoena is directed has standing to move to quash or otherwise object to a subpoena." *Beach v. City of Olathe, Kan.,* No. 99–2217GTV, 2001 WL 1098032, at *1 (D. Kan. Sept. 17, 2001) (citing *Hertenstein v. Kimberly Home Health Care, Inc.,* 189 F.R.D. 620, 635 (D.Kan.1999)). Moreover, "[a]bsent a claim of privilege, a party has no standing to challenge a subpoena to a nonparty." *Trujillo v. Bd. of Educ.,* No. CIV 03–1185 JB/LFG, 2007 WL 2296916, at *1 (D.N.M. June 26, 2007) (quoting *Donahoo v. Ohio Dep't of Youth Servs.,* 211 F.R.D. 303, 306 (N.D. Ohio 2002)). "The exception to this rule is that 'a party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests.'" *Trujillo v. Bd. of Educ.,* 2007 WL 2296916, at *1 (quoting *United States v. Raineri,* 670 F.2d 702, 712 (7th Cir.1982)).

*S.E.C. v. Goldstone*, 301 F.R.D. 593, 646 (D.N.M. 2014).  Defendants oppose the motion for two reasons, neither of which give them standing.  First, defendants argue that the motion to compel should be denied because plaintiff set Mr. Gallegos's deposition on the last day of the discovery period.  Doc. 62 at 2.  Second, defendants argue that Mr. Gallegos's testimony is not relevant.  *Id*.  These arguments do not give defendants standing to challenge the subpoena issued to Mr. Gallegos because they do not show the subpoena infringes upon their legitimate interests.  *See Goldstone*, 301 F.R.D. at 646; *see also Eichenwald v. Rivello*, 321 F. Supp. 3d 562, 564 (D. Md. 2018) ("As a general principle, a party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena.  This general rule applies whenever a party challenges a subpoena, including when the party challenges a subpoena on the ground that it seeks irrelevant information.") (internal quotations and alterations omitted)).  Because defendants fail to show standing to challenge the subpoena issued to Mr. Gallegos, the Court did not consider plaintiff's reply in making its ruling; the Court therefore denies defendants' motion to file a sur-reply.

The Court will allow plaintiff to depose Mr. Gallegos.  The Court will extend the discovery deadline for the limited purpose of deposing Mr. Gallegos until May 6, 2022.  Plaintiff must serve Mr. Gallegos with a new subpoena to testify at a deposition that remedies the defects discussed above.  Defendants are directed to serve a copy of this order with the subpoena.  The Court cautions Mr. Gallegos that if he fails to appear at a properly noticed deposition, he may be held in contempt of Court.  The Court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.  FED. R. CIV. P. 45(g).  In addition to the remedy set forth in Rule 45(g), the Court may impose a fine or imprisonment against an individual for failing to obey a subpoena.  Pursuant to 18 U.S.C. § 401:

> A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as—
>
> (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
> (2) Misbehavior of any of its officers in their official transactions;
> (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

Mr. Gallegos is cautioned not to ignore a valid subpoena to testify at a deposition. If Mr. Gallegos has grounds to quash or modify the subpoena, he must file a motion with the Court before the date set for the deposition on the subpoena. Failure to either contest the subpoena or appear to testify could result in the Court imposing contempt sanctions on Mr. Gallegos.

The Motion to Compel the Appearance and Testimony of Isaiah Gallegos at Deposition (Doc. 57) is GRANTED IN PART.

School Defendants' Motion for Leave of Court to File a Sur-Reply to Plaintiff's Reply to School Defendant's Response in Opposition to Plaintiff's Motion to Compel the Appearance and Testimony of Isaiah Gallegos at Deposition (Doc. 95) is DENIED.

**IT IS SO ORDERED.**

_____
Laura Fashing
United States Magistrate Judge