IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMIE LATTIN, as NEXT OF KIN and
NEXT FRIEND OF DECEASED MINOR
CASEY MARQUEZ,

      Plaintiff,

vs                                   1:20-cv-01037 DHU-LF

BOARD OF EDUCATION OF THE
AZTEC MUNICIPAL SCHOOL DISTRICT,
and KIRK CARPENTER, SUPERINTENDENT
OF AZTEC MUNICIPAL SCHOOL DISTRICT,

      Defendants.

## ORDER EXTENDING DEADLINE TO DEPOSE ISAIAH GALLEGOS

THIS MATTER comes before the Court on plaintiff's motion to extend the deadline to depose Isaiah Gallegos. Doc. 158. The Court held a hearing on this motion on May 24, 2022. *See* Doc. 157. For the reasons stated at the hearing, the Court extends the deadline for plaintiff to depose Mr. Gallegos until October 1, 2022. Plaintiff must work with defense counsel to find a mutually agreeable date for the deposition. The Court will not extend this deadline again. This is Mr. Gallegos's last chance to appear for his deposition. If Mr. Gallegos does not attend his deposition, plaintiff may file a motion to ask the Court to find Mr. Gallegos in contempt of court.

Plaintiff already has served Mr. Gallegos with two subpoenas to appear for a deposition. Doc. 57-2, Doc. 158 at 3–8. Both times, Mr. Gallegos failed to appear. The Court warns Mr. Gallegos that if he does not appear for his deposition this time, he may be held in contempt of Court. *See* FED. R. CIV. P. 45(g) ("The court . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena . . . ."). In addition, the Court

could fine Mr. Gallegos or even send him to jail if he does not appear for his deposition after receiving a valid subpoena.[1]

The Court warns Mr. Gallegos that he should not ignore a valid subpoena to testify at a deposition.  If Mr. Gallegos has grounds to quash or modify the subpoena, he must file a motion with the Court before the date set for the deposition on the subpoena.[2]  Failure to either file a motion or appear to testify could result in the Court imposing contempt sanctions on Mr. Gallegos.

---

[1] A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as—

> (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
> (2) Misbehavior of any of its officers in their official transactions;
> (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

18 U.S.C. § 401.

[2] Rule 45(d)(3) governs quashing or modifying a subpoena:

> (3) Quashing or Modifying a Subpoena.

>> (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>> (i) fails to allow a reasonable time to comply;
>> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
>> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>> (iv) subjects a person to undue burden.

FED. R. CIV. P. 45(d)(3).

Plaintiff is ordered to serve this order on Mr. Gallegos along with the deposition subpoena, and to file a proof of service with the Court.

**IT IS SO ORDERED.**

Laura Fashing
United States Magistrate Judge